THE MARTIN CO., APPELLANT, *v.* FRAUTSCHI ET AL., APPELLEES.

(No. 677—Decided November 10, 1941.)

*Mr. Wm. Dunipace* and *Miss Betty Cooke,* for appellant.

*Mr. Amos L. Conn,* for appellees.

LLOYD, J. Arnold Frautschi, who resided in Rossford, and Walter Frautschi, who resided on the River road in Perrysburg township, were tenants in common of lots 188 and 189 in the village of Rossford. On

August 20, 1940, they entered into a contract with P. D. Trepanier to make certain repairs or alterations in the building located on the aforesaid real estate and to furnish the materials and labor therefor. Trepanier purchased of The Martin Company lumber and materials which were used in the structure and upon which a balance of $59.84 remains unpaid. The Frautschis paid Trepanier for all of the lumber and materials furnished and used by him in the performance of his contract with them. The Frautschis did not demand of or obtain from Trepanier affidavits of contractors or subcontractors or certificates of materialmen.

On October 19, 1940, The Martin Company duly filed in the recorder's office of Wood county an affidavit in due form for a mechanic's lien upon the premises in question for the unpaid amount.

On November 26, 1940, The Martin Company filed its petition in the Court of Common Pleas seeking the foreclosure of its alleged lien and also that it might have judgment against Trepanier for $59.84 with interest thereon from August 20, 1940. The Court of Common Pleas held that the mechanic's lien was "void and of no force and effect" and ordered that it be released of record. The court also rendered a money judgment against Trepanier in favor of The Martin Company for the unpaid balance of $59.84. The Martin Company appeals therefrom on questions of law.

The two questions presented by the appellant, The Martin Company, relate to the sufficiency of the notice to the Frautschis of the filing of the affidavit for a mechanic's lien and whether if the notice is defective as to Walter Frautschi, the lien still may be valid as to the undivided one-half interest of Arnold in the premises upon which the lien was sought. The attorney for The Martin Company sent a copy of the mechanic's lien affidavit by registered mail, the envelope having been addressed to "Messrs. Walter and Arnold Frautschi, Rossford, Ohio." It was delivered at the

place of business of the Frautschis, they being engaged together in business in Rossford. The post office receipt for the registered letter was signed:

"Arnold and Walter Frautschi,
"Arnold Frautschi, Agent."

According to the undisputed evidence, Walter Frautschi did not receive nor see the affidavit or any copy thereof. That Arnold Frautschi received the copy of the affidavit, so mailed and addressed, is admitted. The trial court found that Arnold was not the agent of Walter for the purpose of service of the statutory notice, and this court can not say that this finding is manifestly against the weight of the evidence.

Section 8310, General Code, provides, so far as here applicable, that every person who does work or labor for erecting, altering, repairing or removing a house or other building by virtue of a contract, express or implied, with the owner, or part owner, of real estate or the authorized agent of the owner or part owner, and every subcontractor, laborer or materialman who performs any labor or furnishes any material to such original or principal contractor in performing or completing any such contract, shall have a lien to secure the payment thereof upon such house or other building or structure and upon the interest of the owner or part owner in the lot or land upon which it may stand, to the extent of the interest of the owner or part owner therein at the time the work was commenced or materials were begun to be furnished by the contractor under his original contract.

In the judgment of this court, the statute does not contemplate or intend that under the facts of the instant case, a mechanic's lien can be perfected against the interest of a part owner only. The judgment of the Court of Common Pleas is therefore affirmed.

*Judgment affirmed.*

OVERMYER and CARPENTER, JJ., concur.